1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARCUS ALLEN HOLMES,              CASE NO. 2:24-CV-10845-SVW (SK)

12          Plaintiff,                **SCHEDULING ORDER IN**
                                       **PRISONER CIVIL RIGHTS CASE**
13      v.
                                       [PRO SE PLAINTIFF IN CUSTODY]
14  DORIEN EMANUEL, et al.,

15          Defendant.

16

17      This pretrial scheduling order controls the subsequent course of the

18  action unless modified by the Court.  It may be modified only for good cause

19  and with the consent of the Court.  The parties are hereby ordered to comply

20  with the following instructions and adhere to the deadlines and schedules

21  that follow.

22      1.    Deadline for Amending Pleadings or Adding Parties

23      The deadline for amending the pleadings or adding parties is **Friday,**

24  **August 1, 2025**.  No further amendments will be permitted after that date

25  without prior approval of the Court for good cause shown.

26      2.    Case Status Report

27      Each party must file and serve a Case Status Report on or before

28  **Monday, September 1, 2025**.  Counsel for any Defendant may draft and

file a Joint Case Status Report, if desired and feasible, so long as the Plaintiff has an opportunity to review and agrees to its contents by jointly signing the report.  The Case Status Report, individual or joint, must contain the following information:

       A.    A summary of the proceedings to date and a brief description of the principal factual and legal issues raised in this case.

       B.    A statement of the parties' discovery plans, including the completion of discovery to date, anticipated discovery to be conducted before the cut-off date, and any discovery disputes or motions likely to be presented to the Court.

       C.    Other than discovery motions already described, a description of any other motions that the parties anticipate filing.  If any defendant does not intend to file a case-dispositive motion, a statement to that effect shall be provided.

       D.    An explanation of the likelihood of settlement, a description of any settlement negotiations that have occurred, and a statement of additional anticipated settlement or mediation methods to be used before trial and may be helpful given the nature of the case.

       E.    The number of witnesses anticipated to testify at trial, and the nature of any expert witness testimony to be presented at trial.

       F.    The parties' time estimate for trial, whether the matter will be a jury or bench trial, and whether trial by jury, if desired, has been properly requested.

       G.    Any other information that the parties deem important to bring to the Court's attention which would facilitate the just and speedy determination of this case.

3.    <u>Discovery</u>

Discovery is the process by which the parties request information from

1  each other about their claims and defenses.  Except as otherwise specifically

2  provided in this Order, discovery is governed by the Federal Rules of Civil

3  Procedure and applicable Local Civil Rules of the Court.  Pro se litigants are

4  entitled to discovery to the same extent as are litigants represented by

5  counsel.

6      Parties may obtain discovery regarding any nonprivileged matter that

7  is relevant to any party's claim or defense **and** proportional to the needs of

8  the case.  *See* Fed. R. Civ. P. 26(b)(1).  A party may serve written questions in

9  the form of Interrogatories (Fed. R. Civ. P. 33), written Requests for

10  Admissions of facts (Fed. R. Civ. P. 36), and written Requests for the

11  Production of Documents or Things (Fed. R. Civ. P. 34) in compliance with

12  the Federal Rules of Civil Procedure.  A party may also conduct Depositions

13  (Fed. R. Civ. P. 30), which are question-and-answer sessions recorded by a

14  court reporter.  Pursuant to Rule 30(a)(2), leave of court is hereby given to

15  depose a plaintiff confined in prison for a maximum of one day.

16      Each party must bear their own cost of conducting discovery.  The

17  Court is not involved in the discovery process between and among the

18  parties; Rule 5(d) of the Federal Rules of Civil Procedure prohibits filing

19  discovery materials with the Court unless required for use in a proceeding or

20  motion.

21      All discovery in this action – including expert discovery – must be

22  completed by or before **Monday, November 3, 2025**.  Discovery taken by

23  deposition is complete when questioning ceases.  Discovery taken by written

24  request (interrogatories, requests for production of documents and things,

25  and requests for admissions) is complete on the date when the written

26  response to the request is due.  The parties are encouraged to serve discovery

27  requests promptly to ensure the completion of depositions, production of

28  records, and return of other written discovery by the discovery cut-off date.

1  No discovery may be conducted after that date without prior approval of the
2  Court for good cause shown.  The Court may order a complete or partial stay
3  of discovery in appropriate circumstances, including where a defense of
4  qualified immunity is raised.

5       4.    Motions

6       Discovery motions must be filed and served by or before **Monday,**
7  **November 3, 2025**.  A discovery motion shall not refer the Court to other
8  documents, shall contain verbatim each disputed discovery request and each
9  disputed response in the case of written discovery, shall state briefly with
10 respect to each disputed issue the moving party's position and any relevant
11 legal authority, and shall specify the type of order or relief sought.  The
12 parties shall make all reasonable efforts in writing between themselves to
13 resolve discovery disputes without resort to motion practice.  If a discovery
14 motion is filed, an opposition must be filed within 21 days from service of
15 the motion.  No reply may be filed without leave of Court.  Discovery
16 motions will be considered on the papers without hearing, unless otherwise
17 ordered by the Court.

18      If the parties believe that a conference with the Court may resolve the
19 dispute without need for discovery motion practice, they may request a
20 telephonic conference by contacting the clerk of the Court who will provide
21 further instructions; however, the decision to hold such a conference
22 remains in the sole discretion of the Court.

23      All other substantive motions (including motions for summary
24 judgment) must be filed and served by or before **Wednesday, December**
25 **3, 2025**.  Any opposition to the motion must be filed within 30 days from
26 service of the motion.  Any reply must be filed within 14 days from service of
27 the opposition, unless otherwise ordered by the Court.  Motions will be
28 considered on the papers without hearing unless otherwise ordered by the

1  Court.

2      The failure to file a timely opposition to a motion may constitute that

3  party's consent to relief sought pursuant to Local Civil Rule 7-12 and/or

4  result in a recommendation that this action be dismissed for failure to

5  prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See*

6  *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013).

7      5.      Compliance with Federal Rules of Civil Procedure and Local

8          Rules of Court

9      All parties must comply with the Federal Rules of Civil Procedure and

10  the Local Civil Rules of the Court.  All counsel and pro se parties are bound

11  by Federal Rule of Civil Procedure 11, including the provision allowing the

12  Court to impose sanctions for violations of those rules.

13      If Plaintiff is in custody and proceeding pro se, the parties do not need

14  to comply with the following Local Rules or need only comply with them to

15  the extent specified below:

16      • Rules 7-3 (conference of counsel prior to the filing of motions), 7-14

17        (appearances at hearing), and 7-15 (waiver of oral argument);

18      • Rules 16-2 (but only to the extent that it requires the parties to meet

19        in person), and 16-7 (but only to the extent that it requires plaintiff

20        to prepare and lodge the pretrial conference order; defendant(s)

21        must prepare and lodge the order in good faith);

22      • Rule 26-1 (conference of parties and report pursuant to Fed. R. Civ.

23        P. 26(f)); and

24      • Rules 37-1 (pre-filing conference of counsel for discovery motions,

25        except as indicated in this order), 37-2 (joint stipulation for

26        discovery disputes, except as indicated in this order), and 37-3

27        (hearing on discovery motions).

28      It is Plaintiff's responsibility to notify the Court and defense counsel of

1  any change of address and the effective date of the change.  Under Local

2  Rule 41-6, if mail directed by the Clerk to a *pro se* plaintiff's address of

3  record is returned undelivered by the Postal Service, and if, within 14 days of

4  the service date, such plaintiff fails to notify, in writing, the Court and

5  opposing parties of his current address, the Court may dismiss the action

6  with or without prejudice for want of prosecution.

7          **IT IS SO ORDERED**.

8

9  DATED: June 2, 2025                    _____

10                                         STEVE KIM
                                           United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28