FILED
CLERK, U.S. DISTRICT COURT
2/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: clee DEPUTY

MARCUS Allen Holmes
CDCR # BP8832 · B1 · 110
PELICAN BAY STATE PRISON
P.O. Box 7500
CRESCENT CITY, CA 95532-7000.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MARCUS ALLEN HOLMES,
Plaintiff,
v.
DORIEN EMANUEL, et al.,
Defendant.

CASE NO. 2:24-CV-10845-SVW (SK)

PlaintIff's OPPOSItion and COUNTER-MOTION TO DEFendANTS MOTION FOR Summary JUDGMENT

PlaintIff Marcus Allen Holmes, appearing Pro SE, respectfully submits THIS opposition and Counter-motion in Response TO DEfendants Motion For Summary Judgment. For the reasons SET Forth below, DEFendants motion must be denied, and summary Judgment should instead be granted In Favor of PlaintIff, or in The alternative, The matter Should Proceed To trial.

I. INTRODUCTION: Summary Judgment is an Extreme remedy That is appropriate only when no genuine dispute of material Fact exist and the moving party is entitle To Judgment as a matter of LAW. Here, DEFendants motion relies on disputed Facts, Credibility determinations, and incomplete evidence. When The evidence is viewed in The Light most favorable To PlaintIff, genuine issues of material Fact Clearly remain.

II. LEGAL STANDARD FOR SUMMARY JUDGMENT:

Summary Judgment may be granted only where the moving party demonstrates That There is no genuine dispute as To any material Fact. All reasonable inferences must be drawn in Favor of non-moving Party. The Court may not weigh evidence or make credibility determinations at THIS stage.

III. STATEMENT OF MATERIAL FACTS IN DISPUTE

Contrary To Defendant's assertions. The following material Facts are disputed:

1. Fact #1 - Defendant claims Plaintiff, marcus Allen Holmes Failed To Pursue His Grievances Through All Required Levels which He did not Exhaust Administrative Remedys or Failed To Exhaust Health care Grievances Log NOS. LAC HC 24000703, LAC HC 24000789, LAC HC 24000962, and LAC HC 24001019. However, Plaintiff Presents evidence showing SEE. EXHIBIT "A" Plaintiff exhausted All complaints on LAC HC 703, 789, 962, 1019. Plaintiff excercis DUE dillegence in His Best with the 602 Appeal system Plaintiff couldn't Find LAC HC 24001109 But is sure He excercised and exhausted it. Plaintiff Kept writing 602 Because His 602 were Be trashed THE 602'S ARE ONE IN THE SAME NATURE. SEE. LAC-EXA it with Exhibit A

2. Fact #2 - Defendants Claims Plaintiff did not Have a serious Medical Need.

SEE. EXHIBIT D. Clinical and Suicide & SElf-Harm Summary.

ITS Facts To Plaintiff HAS A Serious MENTAL Health issues

3. Fact #3. Defendants Claims That They (Defendants) were Not Deliberately indifferent

SEE. EXHIBIT A2

Show Facts of overall Mental Treatment and Clinical interaction were Poor and inadequat Treament.

4. Fact #4 Defendant EMANUEL RETALIATED AGAINST Plaintiff SEE. EXHIBIT B

OF D. EMANUEL Clinical Summary / Discharge Plan/criteria/comments

Defendant lied and said "and Has not engaged in any Slef-harm behavior" and nor does He present with any significant mental Health issues. Defendants False statements influence Plaintiffs Discharge From The EOP Program also Defendant said IP "advocates for Himself" (which He Defendant acknowledgm That Plaintiff advocates By using The 602 Process which is Punitive Punishment and retiation For Advocating For Himself. also defendant stated I was Flagged For High group refusal But IF You go BACK TO EXHIBIT A2 MENTAL Health STAFF WAS Maliciously denining Inmates Treatment Dr. EMANUEL Knew MY TREATMENT needs were not Beining meet DUE TO THE POOR Program. Plaintiff Never said Dr. EMANUEL RETALIATED AGAINST HIM But MENTAL HEALTH Please View Read EXHIBIT A CAREFULLY.

5. Fact #5 Defendants Claims That they were not

Deliberately Indifferent

SEE. EXHIBIT A OF P. 9 pg. XB cricled were Critical Shortages were acknoledge along with the Fact Clinicions were not doing 1:on:1s But CELL Fronts and refuse To Fix THE Problem and going TO EXHIBIT B 1st pg ZZ AT Bottom Dr. Emanuel Lied and made STATEMENTS THAT Plaintiff WAS High risk refusal WAS due To Plaintiff unwillness Defendant maliciouly manipulated Plaintiff discharge Knowly he Plaintiff WAS not Reciving adequak Mental Health-Treatment

* SEE. EXHIBIT A2 ROSEN BIEN GALVAN & GRUNFELD A Full Report ON CSP-LAC D-YArd.

onece Plaintiff Start writing 602 He was discharge.

ON LAC HC# 24000962 OF SEE. EXHIBIT A 12 pg. BB circled Chief Psy. Knowledges inadequate of The mental Health Program BY STAted "It WAS also noted You were seen cell front due To Critical STAFF Shortages" But CALLousLY disregaurded Plaintiff PleA For Help as well did nothing were Making seem as IF Plaintiff WAS Willing refusing SEE. Maria Nieves OF EXHIBIT C were she Maliciouly Malipulated A False Report SAYIN THE SAME THING Dr. Emanuel Said " IP Holmes is Flagged For high TX refusal .... HIS reason for High TX Refusal is due To Him not receiving ducats..... LACK of Participation in Treatment is driven BY His Poor insight..".

AS Seen in EXHIBIT A2 Plaintiff WAS being DEPRAVED MENTAL Health Treatment MALiciouly.

Deliberately Indifferent Is disputed and Clear AS day as To Night Defendant not only Knew But refuse To give Him The Treatment onece They were aware But instend Made it Seem AS Plaintiff WAS refusing 1-on-1 Treatment To GET HIM discharged.

EXHIBIT C pg. 4 I comment on How we're not GETTing 1:on:1s Pg 2. of EXHIBIT C Defendant M. Nieves acknowledg WHY SHEs doing cell side which she said is due To STAFF Shortages.

THUS SHOWS DEFENDANTS WERE Deliberately indiffecent

THE care WAS so deviated from Professional Standards That it amounted To deliberate indifference SEE. Smith v. Jenkins, 919 F.2d 90, 93 (8TH Cir. 1990) THUS also DEFENDANTS are not entitle To qualified Immunity - this is only for those officials who Possess discretion to decide matter in the name of the Public interest SEE. Butz v. Economou, 438 U.S. 478, 506, 57 L. Ed. 2d. 895, 98 S. CT. 2894 (1978).

SEE. LAC-EXA WITH EXHIBIT A

# MEMORANDUM

1. Summary Judgment is an extreme remedy that IS appropriate only when "No" genuine dispute of Material Facts exists and the Moving Party IS entitled To Judgment as A matter of Law. Here Defendants Motion relies on disputed Facts, Credibility determinations and incomplete evidence when The evidence is viewed in The Light MOST FAVorAble to Plaintiff.

2. THE Movant has Not Failed To Support its Factual Contentions as Required by Rule 56(c) See §56.90

3. When a Party asserts a Fact that can not either be disputed or that is genuinely disputed, The assertion must BE supported by either (A) citions to the Particular Parts of material in The record, including depositions, documents, electronically stored info. affidavits or declarations or other materials (B) a showing That The material cited by adverse party do not establish The absence or Presence of genuine dispute, or that an adverse party cannot Produce admissible evidence To Support the Fact SEE. Fed.R.Civ.P 56(c)(1)(A)(B).

THIS form reflects that Fact that many courts have adopted Local Rules requiring each motion For Summary Judgment To be Supported by a List of those Facts That The moving Party Contends are uncontroverted and That support The grant of Summary Judgment.

## DEClaration

MY name IS Marcus Allen Holmes CDCR#BP8832, I am over 18 years of age, I reside At Pelican Bay State Prison, P.O.Box 7500, B1-cell# 110, CrescentCity California 95532-7500. I am FULLY Compentent To make THIS DECLARATION, and I HAVE Personal Knowledge of THE FACTS STated in THE declaration. To my Knowledge ALL FACTS ARE TRUE and correct I declare or certify under Penalty of Perjury under The Laws of the United States of America THAT THE Forgoing IS Correct and TRUE, EXECUTED ON ______________ date

[signature] CDCR#BP8832
Signature

# EXHIBIT A

3 LAC-EXA

Plaintiff Excercised DUE Deligence of getting 602 Exhausted and Kept Putting 602's in About His Issuse's THE Central Dis. Ct. is not unfamiliar with CSP-LAC consistant appearences.

Your Honor, Please VIEW LAC-EXA THE only 602 GRIEVANCE Log# LAC HC 25000671 That was not Brought up I Kept up writing Multipul 602 To get THE Issuse Heared which my 602's were unrespondant To THIS 602 (Log#LACHC 25000671) WAS ABOUT THE SAME ISSUSE'S ABOUT THE mental Health Program which I WAS still grieving. I Exercised DUE delligence getting my VOICE Heared over and over of many x's

qualified immunity. The Court therefore grants summary judgment in favor of Dr. Emanuel on the grounds of qualified immunity as to Plaintiff's First Amendment claims.

## IV. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS ACTION.

### A. The Standard for Exhaustion

The proper pretrial means to seek dismissal of a claim or action for an inmate's failure to comply with the exhaustion requirement is a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168, 1172 (9th Cir. 2014).

In the context of the PLRA, it is the "defendant's burden [] to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. "Once the defendant has carried that burden . . . the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

### B. Plaintiff Failed To Exhaust His Administrative Remedies Prior To Filing This Action.

Plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff submitted grievances related to his allegations of inadequate mental health care and retaliation but failed to appeal the institutional level dispositions to the headquarters level.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), sets forth specific requirements for prisoners who file suit concerning any aspect of prison life. One of those requirements is that prisoners must exhaust all available administrative remedies before seeking judicial relief. "[N]o action shall be brought with respect to prison conditions under [Section 1983], or any other Federal Law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is

1 pg.

care policies, decisions, actions, conditions, or omissions using a CDCR 602 HC, Health Care Grievance form. (SUF No. 121.) A health care grievance describes a specific complaint related to the inmate's health care which they believe has a material adverse effect on their health or welfare. (SUF No. 122.)

Health care grievances are subject to two levels of review. (SUF No. 123.) Health care grievances are processed at the institutional level by Health Care Grievance Offices ("HCGO") at each institution and health care grievance appeals are processed at the headquarters level by the HCCAB, if requested by the incarcerated person. (SUF No. 124.) The institutional level is for initial clinical/administrative review of health care grievances. (SUF No. 125.) After an inmate receives a response from the Health Care Grievances Offices at the institutional level, if the inmate is dissatisfied with that disposition, the inmate may appeal the disposition by completing and signing CDCR 602 HC Section B and submitting the health care grievance package to the Health Care Correspondence Appeals Branch ("HCCAB"). (SUF No. 126.) The inmate must submit the appeal to the headquarters level within 30 calendar days plus five calendar days for mailing from the date noted on CDCR 602 HC in the "date closed and mailed/delivered to patient" section on page 1 of 2. (SUF No. 127.) The headquarters level review with HCCAB constitutes the final disposition of a health care grievance and exhausts administrative remedies. (SUF No. 128.)

## V. PLAINTIFF'S GRIEVANCE HISTORY

### A. Plaintiff's Health Care Grievance Log Nos. LAC HC 24000703, LAC HC 24000789, LAC HC 24000962, LAC HC 24001019

Plaintiff submitted several grievances relevant to his allegations in this case. Grievance Log No. LAC HC 24000703 was received at the institutional level on May 22, 2024. (SUF No. 129.) Plaintiff reported issues with his mental health treatment, level of care, and stated that he wanted a different mental health

///

2 pg.

(SUF No. 130.) Plaintiff was issued an Institutional Level Response dated August 26, 2024, with a disposition of No Intervention. (SUF No. 131.)

Grievance Log No. LAC HC 24000789 was received at the institutional level on June 6, 2024. (SUF No. 132.) Plaintiff reported issues with his mental health provider and the confidentiality of contact with the provider. (SUF No. 133.) Plaintiff was issued an Institutional Level Response dated August 26, 2024, with a disposition of No Intervention. (SUF No. 134.)

Grievance Log No. LAC HC 24000962 was received at the institutional level on July 8, 2024. (SUF No. 135.) Plaintiff alleged he was denied treatment after a suicide attempt, improperly discharged from a higher level of care, and alleged deliberate indifference and retaliation. (SUF No. 136.) Plaintiff was issued an Institutional Level Response dated November 18, 2024, with a disposition of No Intervention. (SUF No. 137.)

Grievance Log No. LAC HC 24001019 was received at the institutional level on July 17, 2024. (SUF No. 138.) Plaintiff stated that he wanted to be returned to the EOP level of care, and alleged due process violation and retaliation. (SUF No. 139.) Plaintiff was issued an Institutional Level Response dated November 12, 2024, with a disposition of No Intervention. (SUF No. 140.) There is no record that Plaintiff submitted any of the above grievances for headquarters level review. (SUF No. 141.)

**B. Plaintiff's Health Care Grievance Log No. LAC HC 24001109**

Plaintiff's Grievance Log No. LAC HC 24001109 was received at the headquarters level on July 29, 2024. (SUF No. 142.) Plaintiff was issued a Headquarters Level Rejection Notice dated August 13, 2024, informing Plaintiff the grievance was rejected for bypassing the required Institutional Level of Review. (SUF No. 143.) There is no record that Plaintiff resubmitted the grievance at the institutional level. (SUF No. 144.)

///

3.Pg

Case 2:24-cv-10845-SVW-SK Document 45 Filed 02/03/26 Page 3 of 74 Page ID #:553
Docusign Envelope ID: 3634DB31-BC95-470F-8062-02BDA3EBA745

6. The Attorney General's Office has identified health care grievances submitted by the plaintiff that are potentially relevant to this complaint. These health care grievances were assigned the following HCARTS tracking numbers and true and correct copies of these health care grievance packages are attached to this declaration as follows:

a. LAC HC 24000703 (Exhibit B)
b. LAC HC 24000789 (Exhibit C)
c. LAC HC 24000962 (Exhibit D)
d. LAC HC 24001019 (Exhibit E)
e. LAC HC 24001109 (Exhibit F)

7. Tracking number LAC HC 24000703 (Exhibit B) was received at the institutional level on May 22, 2024. The plaintiff's stated issues included: grievance to be treated urgently; administrative remedy exhaustion; wanted to speak to a mental health supervisor; disagreement with mental health treatment, level of care; and wanted a different mental health provider. The plaintiff was issued an Institutional Level Response dated August 26, 2024, with a disposition of No Intervention.

- There is no record that the grievance was received for headquarters level review.

8. Tracking number LAC HC 24000789 (Exhibit C) was received at the institutional level on June 06, 2024. The plaintiff's stated issues included: alleged provider jeopardized safety and security; and want cellmate pulled out before provider speaks to you. This grievance was accepted for processing. The plaintiff was issued an Institutional Level Response dated August 26, 2024, with a disposition of No Intervention.

- There is no record that the grievance was received for headquarters level review.



CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

**Institutional Level Response**

**Closing Date:** NOV 1 2 2024

**To:** HOLMES, MARCUS (BP8832)
C 003 1145001LP
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking #:** LAC HC 24001019

**RULES AND REGULATIONS**

The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

**HEALTH CARE GRIEVANCE SUMMARY**

In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Disagreement with Treatment ( Mental Health ) | You state you want to be put back into the Enhanced Outpatient Program (EOP) level of care. |
| Issue: | Staff Complaints ( Rude or Unprofessional ) | You allege retaliation and your due process was violated. |

**INTERVIEW**

Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

**INSTITUTIONAL LEVEL DISPOSITION**

[X] No intervention. [ ] Intervention.

**BASIS FOR INSTITUTIONAL LEVEL DISPOSITION**

Your health care grievance was reviewed by the Centralized Screening Team per California Code of Regulations, Title 15, Section 3486.1, and was deemed not to meet the definition of staff misconduct against health care staff.

A review of your records indicate you were seen on November 5, 2024 by the Interdisciplinary Treatment Team (IDTT) and your level of care was discussed. Based on your treatment engagement while in the Mental Health Crisis Bed level of care, the IDTT indicated the most appropriate level of care was Correctional Clinical Case Management System.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

5pg

You are enrolled in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

The responsibilities of overall treatment planning within the Mental Health Services Delivery System rest with an Interdisciplinary Treatment Team. These responsibilities include formulation and approval of individualized treatment plans including a diagnosis, identified problems, treatment objectives measurable in behavioral terms, housing recommendations, property recommendations at the inpatient level, and level of care determinations. In consultation with the Interdisciplinary Treatment Team, the Primary Clinician develops an individualized treatment plan for all Mental Health Services Delivery System patients. Treatment plans are based on current assessments from all disciplines and with as much participation from the patient as possible. The patient shall be included in the Interdisciplinary Treatment Team, unless the patient refuses to participate. While it is best if the treatment team and patient agree, complete agreement is not required.

There is no indication that your due process rights were violated.

If you have additional mental health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

Concerns regarding custody actions, decisions, or application of policies or procedures are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, any concerns related to custody staff or functions will not be addressed in this health care grievance response. This does not preclude the Centralized Screening Team from identifying allegations of staff misconduct against custody staff during the review of this health care grievance and processing such in accordance with California Code of Regulations, Title 15, Section 3486.2.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

A. TOPCHYAN, Psy. D. CCHP
Chief Psychologist
California State Prison – LA County

11/12/24
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.



Case 2:24-cv-10845-SVW-SK Document 46 Filed 02/03/26 Page 65 of 74 Page ID #:615

THIS HAS Been COPY

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
**CDCR 602 HC A (10/18)**

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #: LAC HC 24001019

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used. Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| Holmes, MARCUS, A | BP8832 | D4/126 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

ON 7-2-24 is WAS declass TO CCCMS FROM a EOP Level of CAre being Here Since 4-9-24, ON 7-11-24 my old caseworker (cliniction) Emanule Told me decison WAS base off my IEX Write up and other STAFF which consiotute retalation and violates my due process Right, my Frist cliniction I wrote up but my 602 WAS TrASH out Retaliation due to exercising my 1st Amendment Rights I WAS ~~punish~~ punished For SHowing mental Health symtoms and using The 602 process other inmates dont get Treated AS I do I'm getting Trageted for No other reason other inmates get to STAY which dont TAKE meds and FU** UP All The Time and since I cant Tell for STAFF MentAL HeAlth HAS And is using other insistution were im greenLighted AS form ~~AS~~ punitive punisHment

Im Requesting my EOP BACK and This retALation TO stop.

Grievant Signature: [signature] Date Submitted: 7-11-24

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: ______ Signature: ______ Date: ______

RECEIVED
JUL 17 2024
LAC-HCGO

STAFF USE ONLY

COMPLETED
NOV 12 2024
LAC-HCGO

7pg

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

Page 1 of 2

STAFF USE ONLY
Tracking #: LAC HC 24000789

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI): Holmes, Marcus, A.
CDCR Number: BP8832
Unit/Cell Number: D4/126

SECTION A: Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

on June 3rd, 2024 during 3rd wacth my cellie ~~[illegible]~~ (mr. walker ~~BK#~~ BF9326) clinicition came to the cell while i was using the restroom which i told her "i'm using the restroom" she depardized my ~~the~~ safty and sercurity by inciting violance w/ an C.O. By Having Him opening the cell door and taking/pulling out mase on me to ~~[illegible]~~ threathing me as punitive/punishment which me and the officer got into it.

action of Request; 1) please to Have ~~pull my [illegible]~~ to speak to Him

The clinicition name is Nieeves.

Grievant Signature: [signature] Date Submitted: 6/3/24

SECTION B: Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: ______ Signature: ______ Date: ______

RECEIVED
JUN 06 2024
LAC-HCGO

STAFF USE ONLY



Case 2:24-cv-10845-SVW-SK Document 18 Filed 02/03/26 Page 45 of 74 Page ID #:595

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. Records indicate you are enrolled in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

On August 17, 2024, you transferred to Substance Abuse Treatment Facility and State Prison, Corcoran (SATF-CSP, Corcoran).

You were seen by another provider, Psychologist D. Emanuel, on June 3, 2024, through June 5, 2024, and there was no indication of safety issues or concerns reported. Due to critical staffing shortages at California State Prison, Los Angeles County (LAC), cell fronts are often conducted as directed and no indication that providers seeing other patients impacts your safety. Out of cell contacts will be conducted when possible and when program allows.

Concerns regarding custody actions, decisions, or application of policies or procedures are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, any concerns related to custody staff or functions will not be addressed in this health care grievance response.

Per California Code of Regulations, Title 15, Section 3270, "The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department."

Per the Health Care Department Operations Manual, Section 2.1.1, Patients' Rights, "The California Correctional Health Care Services (CCHCS) supports and observes a set of patient rights in agreement with standard medical practices and ethical conduct, and are consistent with the reasonable limitation of federal and state rules and regulations as they apply to the patient. Certain rights may be limited by reasonable application of security regulations."

As such, it is not unusual for custody staff to accompany the patient during clinic visits to ensure a safe environment. Correctional Officers are confidential employees and hold the same confidentiality requirements under the Health Insurance Portability and Accountability Act as health care staff.

The responsibilities of overall treatment planning within the Mental Health Services Delivery System rest with an Interdisciplinary Treatment Team. These responsibilities include formulation and approval of individualized treatment plans including a diagnosis, identified problems, treatment objectives measurable in behavioral terms, housing recommendations, property recommendations at the inpatient level, and level of care determinations. In consultation with the Interdisciplinary Treatment Team, the Primary Clinician develops an individualized treatment plan for all Mental Health Services Delivery System patients. Treatment plans are based on current assessments from all disciplines and with as much participation from the patient as possible. The patient shall be included in the Interdisciplinary Treatment Team, unless the patient refuses to participate. While it is best if the treatment team and patient agree, complete agreement is not required.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

XB

9 Pg.

Case 2:24-cv-10845-SVW-SK Document 1 Filed 02/03/26 Page 46 of 71 Page ID #:596

Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

Concerns regarding custody actions, decisions, or application of policies or procedures are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, any concerns related to custody staff or functions will not be addressed in this health care grievance response. This does not preclude the Centralized Screening Team from identifying allegations of staff misconduct against custody staff during the review of this health care grievance and processing such in accordance with California Code of Regulations, Title 15, Section 3486.2.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

A. TOPCHYAN, Psy. D. CCHP
Chief Psychologist
California State Prison – LA County

8-26-24
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

Page 1 of 2

Note: "Duplicated 602"

**STAFF USE ONLY**

Tracking #: LAC HC 24000962

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| Holmes, Marcus, A. | BP8832 | D4/126 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

"Retaliation" on 7-2-24, mental Health Staff discharge me from the E.O.P Programe w/out me meeting my Treatment needs, the mental Health staff as well has did this as a punitive punishment because I voice how we dont have 1-on-1 which I havn't had in 90 days, also they took me off my meds w/out my consent also I have did two 602's on this issuse and one one on my 1st clinition which have not been responded to the actions are and constitutional - Deliberate indifference to the serious mental Health needs which have not been meet (SEE.) Langley v. Coughlin, 888 F.2d 252, 254 (2d cir. 1989)

SEE. Wellman v. Faulkner, 715 F.2d 269, 272-73 (7th Cir. 1983).

Note: Please this has been duplicated - in case this 602 gets trashed like the three I did in April, 2024.

Grievant Signature: [signature] Date Submitted: 7-2-24

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: ______ Signature: ______ Date: ______

STAFF USE ONLY

RECEIVED
JUL 08 2024
LAC-HCGO

COMPLETE
NOV 18 2024
LAC-HCGO

11 Pg

were reviewed. Records indicate you are enrolled in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

BB

After a mental health records review, it has been noted you have been seen by mental health staff on May 2, 2024, May 9, 2024, May 30, 2024, and on June 17, 2024. It was also noted you were seen cell front due to critical staff shortages. Due to critical staffing shortage and California State Prison, Los Angeles County (LAC) need to triage and prioritize emergent/critical contacts, outpatient services are addressed as soon as possible. On July 2, 2024, you engaged in self-harm via superficial laceration to your right wrist and you were medically cleared the same day resulting in no medical intervention for care. It is also noted that earlier that same day you were discharged from Enhanced Outpatient Program to Clinical Case Management System, and you were dissatisfied with your Interdisciplinary Treatment Teams decision. Your Interdisciplinary Treatment Team noted on July 2, 2024, that you did not exhibit functional impairment that warranted continuing in Enhanced Outpatient Program, nor do you present with any significant mental health issues. It appears you have reached the maximum treatment benefit at the Enhanced Outpatient Program and there are no obvious functional impairments that would prevent you from discharging to a lower level at that time.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

Concerns regarding custody actions, decisions, or application of policies or procedures are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, any concerns related to custody staff or functions will not be addressed in this health care grievance response. This does not preclude the Centralized Screening Team from identifying allegations of staff misconduct against custody staff during the review of this health care grievance and processing such in accordance with California Code of Regulations, Title 15, Section 3486.2.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

12 pg.

A. TOPCHYAN, Psy. D. CCHP
Chief Psychologist
California State Prison – LA County

11/18/24
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.



CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

**Institutional Level Response**

**Closing Date:** JUN 1 1 2025

**To:** HOLMES, MARCUS (BP8832)
B 004 1172001LP
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Tracking #:** LAC HC 25000671

**RULES AND REGULATIONS**

The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

**HEALTH CARE GRIEVANCE APPEAL SUMMARY**

In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| | Issue | Sub-Issue | Description |
|---|---|---|---|
| Issue | Mental Health | Level of Care | You are alleging that you want your level of care raised. |
| Issue | Mental Health | Suicidal / Homicidal | You allege that you are not receiving adequate mental health care, that mental health care is unavailable, due to staff shortages, that you are being ignored, that you have been cutting yourself, been suicidal, and need help. |
| Issue | Transfers | Level of Care (Higher or Lower) | To be transferred for DMH or DDS. |
| Issue | Grievances | Admin Remedy Exhaustion | You allege you are seeking administrative remedy. |

**INTERVIEW**

Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

**INSTITUTIONAL LEVEL DISPOSITION**

☒ No intervention. ☐ Intervention.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

**BASIS FOR INSTITUTIONAL LEVEL DISPOSITION**

Your health care grievance was reviewed by the Centralized Screening Team per California Code of Regulations, Title 15, Section 3486.1, and was determined to not meet the definition of staff misconduct against health care staff.

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. Records indicate you are enrolled in the Mental Health Services Delivery System at the Enhanced Outpatient Program level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

On June 7, 2025, you transferred to California Men's Colony (CMC).

After a mental health records review, it has been noted that you have a NCF as a DDP status which does not require placement into the DDP, and you also do not have any DDP accommodations. You have been seen by your mental health primary clinician and the psychiatrist multiple times and have had the opportunity to express your mental health concerns. You have been seen on March 1 8, 2025, March 28, 2025, April 3, 2025, for a mental health suicide risk evaluation, April 4, 2025, April 8, 2025, April 9, 2025, April 12, 2025, April 13, 2025, April 15, 2025, April 17, 2025, April 21, 2025, April 24, 2025, April 26, 2025, through May 1. 2025, May 5, 2025, May 8, 2025, May 13, 2025, May 22, 2025, at California State Prison, Corcoran (COR), May 27, 2025, May 28, 2025, at California Health Care Facility (CHCF), Stockton, May 31, 2025, through June 7, 2025, and June 1 0, 2025, at California Men's Colony (CMC). It appears that you do not present with any psychotic symptoms and any symptoms of decompensation, you are able to self-advocate and verbalize your needs. It was determined on June 6, 2025, by your Interdisciplinary Treatment Team, although you refused to attend the meeting, and were placed on Enhanced Outpatient Program level of care. You will continue to be monitored and will be referred to a higher level of care when it is appropriate.

California Correctional Health Care Services makes every effort to ensure patients receive timely access to the full range of necessary health care services. In order to improve the overall quality and efficiency of health care services and outcomes, California Correctional Health Care Services includes the appropriate personnel and organizational functions to identify and address barriers to care or potential delays in delivery of health care services.

The responsibilities of overall treatment planning within the Mental Health Services Delivery System rest with an Interdisciplinary Treatment Team. These responsibilities include formulation and approval of individualized treatment plans including a diagnosis, identified problems, treatment objectives measurable in behavioral terms. housing recommendations, property recommendations at the inpatient level, and level of care determinations. In consultation with the Interdisciplinary Treatment Team, the Primary Clinician develops an individualized treatment plan for all Mental Health Services Delivery System patients. Treatment plans are based on current assessments from all disciplines and with as much participation from the patient as possible. The patient shall be included in the Interdisciplinary Treatment Team, unless the patient refuses to participate. While it is best if the treatment team and patient agree, complete agreement is not required.

Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

While California Correctional Health Care Services health care providers are responsible for documenting health factors to be considered in making placement decisions, custody is responsible for determination of appropriate institutional placement and housing assignment. As such, it is recommended you address your concerns with your Correctional Counselor, other appropriate custody staff, or through the Institutional Classification Committee process.

You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

Concerns regarding custody actions, decisions, or application of policies or procedures are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, any concerns related to custody staff or functions will not be addressed in this health care grievance response. This does not preclude the Centralized Screening Team from identifying allegations of staff misconduct against custody staff during the review of this health care grievance and processing such in accordance with California Code of Regulations, Title 15, Section 3486.2.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

A. Gevorkyan for
J. WALSH, PhD
Chief of Mental Health
California State Prison – LA County

06/11/2025
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
**CDCR 602 HC A (10/18)**

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**
Tracking #: LAC HC 25000671

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| Holmes, MARCUS, A. | BP8832 | 21-159/RHU Z Wing |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

Im Seeking help/Admin. remedy which will promote A stronger influence of Reform and Rehabilitation in reguards To rising My Level of Care To DMH STATUS. The ~~Health~~ MENTAL Health Care At CSP-LAC is poorly below minimally adequate and thier is Problems which include severe Shortages of mental Health staff which CDCR mental Health care Program requires That A Prisoner-PAtient meet certain "treatment certoria" (SEE CDCR Mental Health ~~Servic~~ Services Delivery system Program Guides At 1-3 and 1-4) wich is not being meet At CSP-LAC with All due respect. (SEE Coleman v. wilson (E.D.CAL. 1995) 912 F. supp. 1282.). However, when a prisoner requires mental Health care, Not Available within the CDCR. The case will be referred to the Director for consideration of temporary transfert (DMH) or the (DDS). I asking for Higher Level of care AND transfer, in Accondence w/ 15 CCR §3369(b); D.O.M §91020.9 (for Procedures governing These temporary transfers. See ~~Doc~~ DOM §62030.1 et seq.). wich im asking Ive Been cutting myself, countless suicids Im Need real Help THATS getting ignored Here. Treatment is to be in accord with sound Principals of practice and is not to serve a Puntive Purpose (15 CCR §3361(c).

Grievant Signature: [signature] Date Submitted: 4-7-25

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: ______ Signature: ______ Date : ______

RECEIVED APR 08 2025 LAC-HCGO

COMPLETED JUN 11 2025 LAC-HCGO

STAFF USE ONLY